UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASUNCION ESCUDERO, et al., | Case No. 3:12-cv-00628-MMD-VPC |
| Plaintiffs, | |
| v. | ORDER |
| THE UNITED STATES OF AMERICA, | (Def.'s Motion to Dismiss – dkt. no. 24) |
| Defendant. | |

I.    **SUMMARY**

Before the Court is Defendant United States of America's Motion to Dismiss Plaintiffs Arrsenio and Marie Escudero. (Dkt. no. 24.) For the reasons set forth below, the Motion to Dismiss is denied.

II.    **BACKGROUND**

A.    **Facts**

The following facts are taken from the Complaint. (Dkt. no. 1.) On August 18, 2011, Arsenio Escudero arrived at the Veteran Affairs Sierra Nevada Health Care System facility for medical care and treatment for severe abdominal pain, diarrhea, and vomiting. He was treated by Dr. Charles Potter, who prescribed Mr. Escudero two medications: Reglan and Oxycontin. The next day, Mr. Escudero ingested one Oxycontin and one and a half Reglan as prescribed. He was unconscious by 12:45 am and taken to the Veteran Affairs Hospital where he allegedly died of the Reglan and sepsis. Mr. Escudero's widow, Asuncion Escudero, and his adult children, Marie and Arsenio Escudero, bring suit against the United States for negligence and seek judgment in the amount of $400,000.00.

**B.     Procedure**

Plaintiffs filed suit on November 27, 2012 (dkt. no. 1), and the United States answered on April 26, 2013 (dkt. no. 12). On September 9, 2013, more than four months after filing its Answer, the United States filed a Motion to Dismiss Plaintiffs Arsenio and Marie Escudero pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. no. 24.) The Court has considered Defendant's Motion as well as the Opposition (dkt. no. 25) and Reply (dkt. no. 37).

**III.     DISCUSSION**

The United States argues that Plaintiffs Marie and Arsenio Escudero, the adult children of Mr. Escudero, failed to exhaust their administrative remedies and thus should be dismissed from the instant suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

A motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). When a motion to dismiss under Rule 12(b) is filed after the answer, it is deemed untimely and it is within the discretion of the court to deny the motion. *See, e.g., Aetna Life Ins. Co. v. Alia Medical Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). As Defendant's Motion is procedurally improper, the Court declines to reach the merits.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 24) is denied.

DATED THIS 9th day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE